[No. C.D. 4610.   En Banc.   May 13, 1965.]

*In the Matter of the Disciplinary Proceeding Against
Roy L. Ross, an Attorney at Law.\**

*T. M. Royce,* for Board of Governors.

*Ray Browder,* for respondent.

OTT, J.—Roy L. Ross was admitted to practice law in this state in 1956. Since that time, he has engaged in the general practice of law at Sunnyside.

March 17, 1961, Mr. Ross and his partner, Cleo R. Pomeroy, received a formal reprimand from the Washington State Bar Association for failing to disburse promptly funds belonging to their clients, for commingling private funds with trust funds, and for failing to keep proper trust fund records.

In May 1963, as attorney for Mrs. Lorna Johnson, Roy L. Ross effected a settlement with an insurance carrier of a personal injuries claim. A draft made payable to Mrs. Johnson and Mr. Ross in the sum of $5,444.80 was received.

*Reported in 401 P.2d 975.

She endorsed the draft and, on May 20, 1963, Mr. Ross deposited it in his trust account in a Sunnyside bank. The money was to be disbursed as follows: He was to deduct his fee, pay a total of $1,277.90 to the hospital and the doctors, and the remainder was paid to Mrs. Johnson.

Mr. Ross failed to pay the hospital and doctor bills as agreed, and used the funds in the trust account for his own purposes. During the months of June, July, and August, several demands for payment were made by the hospital to Mrs. Johnson and Mr. Ross. In August and September, Mr. Ross paid the doctors. On September 21st, he mailed a check drawn on the trust account for the balance due the hospital. The check was returned marked "Not Sufficient Funds." October 29, 1963, Mr. Ross paid $200 on the hospital account and, on November 8th, he paid the balance.

After an investigation of these facts, the Board of Governors of the Washington State Bar Association caused a formal complaint to be filed, charging Mr. Ross with violation of Canons of Professional Ethics 11 and 29. A hearing was held before a hearing panel. This panel made findings of fact and conclusions of law that Mr. Ross had violated the Canons of Professional Ethics, and recommended to the Board of Governors that he be suspended from the practice of law for 90 days. The Board of Governors reviewed the proceedings and concurred in the recommendation of the hearing panel. The cause was thereafter presented to and argued before this court.

The record of the proceedings before the hearing panel established that Mr. Ross passed the bar examinations in Washington, Oregon, and California, and that, except for the described defalcations, he is in all respects a competent and qualified attorney, and has a good reputation in the community in which he resides.

In regard to the check which was returned marked "Not Sufficient Funds," the hearing panel found:

On Friday evening, September 20, 1963, respondent was paid $800.00 in cash by another client. On Saturday, September 21, knowing that he had this money, and in-

tending to deposit it in his trust account on Monday, he mailed to Swedish Hospital in Seattle a check for $695.90, drawn on his trust account, in payment of Mrs. Johnson's hospital bill. On Monday, September 23, he could not find the $800.00, and he did not find it until some time in November 1963 when he found it in the pocket of the suit he had been wearing on September 20. The check for $695.90 was dishonored by the bank. Finding of Fact No. 8.

On October 29, 1963 respondent sent to the Swedish Hospital a telegraphic money order for $200.00 in part payment of Mrs. Johnson's bill. Finding of Fact No. 9.

On November 8, 1963 respondent paid the remainder of the hospital bill in full by sending to Swedish Hospital a telegraphic money order for $495.90. Finding of Fact No. 11.

The hearing panel further found that, during the period in question, Mr. Ross was under exceptional financial and personal stress. Shortly after he commenced his practice in Sunnyside, his wife obtained a divorce and he was awarded the custody of their three children; his partner, Cleo R. Pomeroy, was disbarred in 1963, and Mr. Ross has had the additional financial burden of reimbursing clients for the defalcations of Mr. Pomeroy; his brother was severely ill with diabetes during the period in question and he made substantial financial contributions to assist his brother in paying the medical expenses. Mr. Ross is now remarried, and has made a workable arrangement to pay all of his creditors.

In mitigation of his use of the trust funds, he testified that it was his understanding with Mrs. Johnson that he could use the money in question, as long as he paid the doctors and the hospital expenses before the end of the year. Mrs. Johnson testified that she understood that Mr. Ross would pay the bills promptly.

Mr. Ross concedes that his conduct was a violation of Canons of Professional Ethics 11 and 29, RCW vol. 0.

Canon 11 is:

The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him.

Canon 29 contains this sentence: "He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice."

■ When the Canons of Professional Ethics have been violated, this court has the exclusive function to determine whether to rescind the privilege of practicing law in this state or to suspend it, and, if suspended, to fix the time when and the conditions upon which this privilege may be exercised in the future. The recommendations of the hearing panel and of the Board of Governors are advisory only. *In re Simmons,* 59 Wn.2d 689, 369 P.2d 947 (1962).

■ From the record before us, we are of the opinion that the defalcations of Mr. Ross were the result of the exercise of bad judgment, which was influenced by severe financial stresses due to his contributions to the needs of his ailing brother, the defalcations of his disbarred partner, and his marital problems. Roy L. Ross has eliminated the stresses which contributed to his improper use of trust funds, and has made full restitution to all parties involved in the Johnson case, out of which this proceeding arose.

Measured by the standards for the imposition of discipline announced in *In re Simmons, supra,* we hold that, because of the described violations of the Canons of Professional Ethics, Roy L. Ross should be suspended from the practice of law for a period of 60 days, commencing July 1, 1965. It is so ordered.

ALL CONCUR.