[No. C.D. 4026.   En Banc.   July 27, 1972.]

*In the Matter of the Petition of* WILLIAM HARRY SIMMONS *for Reinstatement as a Member of the Washington State Bar Association.*

*Wm. H. Simmons*, pro se.

*Charles W. Mertel*, for Board of Governors.

WRIGHT, J.—This is an application by William H. Simmons, petitioner, for reinstatement as a member of the

Washington State Bar Association. Petitioner was admitted to the bar September 10, 1952. He was disbarred October 22, 1964. *In re Simmons*, 65 Wn.2d 88, 395 P.2d 1013 (1964). His first petition for reinstatement was denied June 1, 1967. *In re Simmons*, 71 Wn.2d 316, 428 P.2d 582 (1967).

Petitioner has been disbarred for 8 years. During that time he was employed in several occupations. He was a real estate salesman, a county employee, and more recently, executive assistant to the secretary-treasurer of a teamsters' union local.

This application for reinstatement was heard by the Washington State Bar Association Board of Governors March 24, 1972, in Spokane, Washington. The members of the board actively participated in the hearing and in the questioning of witnesses. After the hearing, the board found petitioner's "attitude and conduct establish rehabilitation and present moral fitness" and recommends "that petitioner's application for reinstatement be granted."

Consideration of petitioner's good conduct for 8 years would strongly indicate he should be granted reinstatement, but for one incident which seems to cast doubt. On March 2, 1972, shortly before the hearing, petitioner was arrested by members of the Seattle police department for violation of Seattle city ordinance No. 16046-12.11.460[1].

Petitioner was involved in a 3-car accident in the northern part of Seattle shortly after 8 p.m. on March 2, 1972. There is no indication that petitioner was at fault for the accident nor that he had violated any traffic law or ordinance.

After police arrived, Officer Michael J. Crist was in charge of the investigation. After about 10 minutes petitioner announced he was leaving the scene and attempted to leave. He was then handcuffed and taken first to the

---

[1]"Resisting or hindering police. It shall be unlawful for any person to knowingly and wilfully resist, oppose, hinder or delay any member of the police force of the city of Seattle, or any peace officer or deputy in any department of city government, in the discharge of any official act or duty, or to neglect or refuse to obey any lawful order or direction of any such peace officer in the discharge of any lawful act or duty."

Wallingford police station (north precinct) and later, to the city jail.

Petitioner claims he had a right to leave; that the police had no right to detain him. We need not pass on that contention.

Petitioner was not charged with any crime. The Seattle city attorney gave a statement to the investigator[2] for the bar association saying he believed no crime had been committed.

■ Although no criminal charge was filed, we are nevertheless concerned with the attitude of petitioner. The attitude of an applicant for reinstatement is important. *In re Simmons,* 71 Wn.2d 316, 428 P.2d 582 (1967).

The decision of whether the petitioner shall be reinstated is a decision to be made by the Supreme Court. The court stated in *In re Seijas,* 63 Wn.2d 865, 869, 389 P.2d 652 (1964):

> Considerable, though not conclusive, weight will be attached to the findings of the Board of Governors.

*See also In re Simmons,* 59 Wn.2d 689, 369 P.2d 947 (1962). The recommendations of the hearing panel and of the Board of Governors are advisory only. *In re Ross,* 66 Wn.2d 233, 401 P.2d 975 (1965); *In re Pennington,* 73 Wn.2d 601, 440 P.2d 175 (1968).

This matter differs from *In re Little,* 40 Wn.2d 421, 244 P.2d 255 (1952), in that here the testimony was taken directly before the Board of Governors, which actually saw and heard the witnesses. The findings are supported by substantial evidence. We therefore accept the recommendation.

Petitioner's application for reinstatement is granted subject to his passing the examination provided in rule 4 of Admission to Practice Rules.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and UTTER, JJ., concur.

---

[2]The bar association employed Mr. Lloyd A. Ducommun, an attorney with 25 years' experience as an F.B.I. agent, to make a complete investigation. His report was considered by the Board of Governors.